## CIRCUIT COURT OF THE CITY OF NORFOLK

Dwayne H. Hunt

v.

Virginia Department
of Transportation

February 1, 2000

Case No. (Law) L99-2317

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff alleges in his motion for judgment that he filed a grievance after he was terminated as an employee of the defendant. He further alleges the hearing officer initially ordered that he be reinstated but that, after a review of that decision by the Director of the Department of Personnel and Training, the hearing officer changed his decision and upheld the termination. The plaintiff claims he was wrongfully terminated in violation of Code of Virginia §§ 2.1-114.5:1, 2.1-116.05, and 2.1-116.06, and he seeks an award of money damages.

The defendant filed a demurrer and served counsel for the plaintiff a copy on October 15, 1999. The demurrer claims that the only authority the Court has with respect to the grievance procedure is the implementation of the hearing officer's decision and that the plaintiff fails to state a cause of action. The defendant noticed a hearing on the demurrer on December 8, 1999. The hearing was held December 17, 1999. Counsel for the plaintiff appeared at the hearing but said he was not prepared to argue. I gave him thirty days to file a written response. None has yet been filed. I sustain the demurrer.

I first note that Va. Code § 2.1-114.5:1 was repealed by 1995 Va. Acts of Assembly, cc. 770 and 818. The other two statutes upon which the plaintiff relies specify the classes of grievances for which the employee may have a hearing and establish the procedures for the hearing. The only role of the circuit courts under these statutes is found in Va. Code § 2.1-116.06(E), which authorizes an employee to appeal a decision of the Director of the

Department of Employee Relations Counselors that finds a grievance did not qualify for a hearing.

The circuit courts are also authorized by Va. Code § 2.1-116.07(D) to order the implementation of the hearing officers' decisions. Decisions of the hearing officers are "final and binding if consistent with law and policy." Va. Code § 2.1-116.07(C)(iii). The Director of the Department of Personnel and Training is designated by statute to determine if the hearing officer's decision is consistent with policy.

Va. Code §§ 2.1-116.05, 2.1-116.06, and 2.1-116.07 establish rights unknown to the common law and they define the process due an employee, but they do not specifically authorize a private right of action. "When a statute creates a right and provides a remedy for the vindication of that right, then the remedy is exclusive unless the statute says otherwise." *Concerned Taxpayers v. County of Brunswick*, 249 Va. 320, 330, 455 S.E.2d 712, 717 (1995). I thus conclude that no such private right of action as the plaintiff brings here exists under these statutes. I further note that allowing this action to proceed would nullify the finality provision of Va. Code § 2.1-116.07.

Ms. Browne shall prepare an order, allowing the plaintiff thirty days from the date of this letter to file an amended motion for judgment, if he be so advised.